UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RANDLE CLONTZ                        §
                                     §
        Plaintiff,                   §
                                     §
v.                                   §        CIVIL ACTION NO. 3:08-CV-1947-B
                                     §
LIFE INSURANCE COMPANY OF            §
NORTH AMERICA, et al.                §
                                     §
        Defendants.                  §

## MEMORANDUM ORDER

Before the Court is the Defendants' Motion to Dismiss Counts I and II of Plaintiff's Original

Complaint (doc. 4). For the reasons discussed below, the Motion is **DENIED.**

## I.

## BACKGROUND

Clontz filed this lawsuit seeking benefits under a long-term disability policy issued by Life

Insurance Company of North America ("LINA")to his employer, SWS Group, Inc. ("SWS").

(Comp. ¶¶ 8, 11.) The SWS Group, Inc. Group Health & Welfare Plan No. 502 ("Plan") provided

benefits to SWS's covered employees. (*Id.* at ¶¶ 9, 11, 12.) On November 14, 2005, while an

employee of SWS, Clontz sustained an injury which caused a medical condition that prevented him

from earning more than 80% of his "indexed Covered Earnings." (*Id.* at ¶¶ 14–16.) Clontz applied

for benefits and was paid under the Plan through February 10, 2007. (*Id.* at ¶ 17.) However, LINA

denied Clontz future benefit payments after that date. (*Id.* at ¶ 18.) Clontz appealed LINA's denial

to no avail, and subsequently filed this lawsuit seeking payment of benefits. (*Id.* at ¶¶ 19–20.)

- 1 -

## II.

## LEGAL STANDARD

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *See Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). The motion should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The plaintiff's "obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007) (internal quotations marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on it face.'" *Ashcroft v. Iqbal*, No. 07-1015, — S. Ct. —, 2009 WL 1361536, at *12 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). In *Iqbal*, the Fifth Circuit clarified that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This "plausibility" standard asks "for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court "must accept the factual allegations in the pleadings as true" and must liberally construe the claims in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also Iqbal*, 2009 WL 1361536, at *13. However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 2009 WL 1361536, at *13. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

- 2 -

III.

ANALYSIS

In their Motion, the defendants seek dismissal of counts One and Two of the Original Complaint.  The court addresses the arguments in turn.

A.    **Count One: Claim for Breach of the Plan/Policy Claim**

In Count One, Clontz alleges he was due certain benefits under the long-term disability Plan which have been denied him by the defendants.  The defendants move to dismiss Count One, maintaining that it is a state law claim for breach of contract which is pre-empted by ERISA.  Clontz counters that despite defendant's characterization of the claim as a state law breach of contract claim, Clontz has alleged a claim for recovery under ERISA.  The Court agrees with Clontz.

The Employee Retirement Income Security Act of 1974 ("ERISA") "was enacted to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989) (internal quotation marks and citations omitted).  ERISA provides "a contract based cause of action to participants and beneficiaries to recover benefits, enforce rights, or clarify rights to future benefits, under the terms of an employee benefit plan."  *Estate of Larry M. Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 532 (5th Cir. 2000).  ERISA pre-empts state law claims that are related to an employee's benefit plan.  29 U.S.C. § 1144; *see also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989).

To the extent that Count One could be construed as a state law claim for breach of contract for failing to provide benefits under the policy, such claim would be pre-empted by ERISA. *See Cefalu*, 871 F.2d at 1294.  Nonetheless, the Complaint is quite clear that Clontz' basis for relief under

Count One is ERISA. Clontz doesn't assert "breach of contract" in those terms and cites to no right to relief under state law. Rather, Count One states that Clontz seeks to recover for the alleged "breach" of the policy "pursuant to 29 U.S.C. § 1132(a)(1)(B)." (Compl. at ¶ 33.) Although he uses the term "breach" in the title of Count One, that is hardly conclusive proof that Clontz is bringing a state law breach of contract claim, particularly when he has clearly sought relief "pursuant to 29 U.S.C. § 1132(a)(1)(B)" of ERISA. Accordingly, the Court concludes that Count One states a claim for relief under ERISA for payment of benefits allegedly due under the Plan. Therefore, the Motion to Dismiss Count One is DENIED.

**B.      Count Two: Claim for Failure to Provide a Full and Fair Review**

Count Two revolves around the defendants' alleged failure to provide a "full and fair review" of Clontz's claim under 29 U.S.C. § 1133. Clontz points to various statutory provisions and regulations governing the procedure of the review process with which he alleges defendants failed to comply. Based on these alleged violations, Clontz seeks to have benefits conferred by this Court or to have the claim remanded for review complying with the provisions allegedly violated. The defendants argue the claim under section 1133 must be dismissed as failing to state a claim because while section 1133 does set forth procedures that must be followed by the Plan administrator or fiduciary, it "does not create a private right of action for plan participants when those procedures are not strictly followed." Clontz responds that he has made sufficient factual allegations to survive a motion to dismiss his claim under section 1133.

Under ERISA, every employee benefit plan shall afford a plan participant whose claim for benefits has been denied a reasonable opportunity for a full and fair review of the decision to deny the claim by the appropriate named fiduciary. 29 U.S.C. § 1133(2). "In connection with th[e]

statutory recognition of contractual benefit rights, Section 503 of ERISA, 29 U.S.C. § 1133, in accordance with the regulations of the Secretary of Labor, sets certain minimum requirements for the claims procedures that plans are required to follow in processing benefits claims brought by participants and beneficiaries." *Bratton*, 215 F.3d at 532.

In their Motion to Dismiss, defendants argue that "the Fifth Circuit Court of Appeals has recognized that violations of ERISA's procedural requirements to provide a 'full and fair review' do not usually lead to a claim for damages." (D. Brief at p. 7 (citing *Love v. Dell, Inc.*, No. 08-50447, 2008 WL 5064742 at *4 (5th Cir. Dec. 2, 2008))). Defendants also cite courts in other circuits who have held that "section 1133 does not create a new substantive right under ERISA." (*Id.* (citing *New Life Home Care Inc., v. Blue Cross of Northeastern Penn.*, No. 3:06-cv-2485, 2008 WL 423837 at *13 (M.D. Pa. Feb 14, 2008); *Cherepinsky v. Sears Roebuck and Co.*, 487 F. Supp. 2d 632, 641 n.4 (D.S.C. 2006); *Ashenbaugh v. Crucible, Inc., 1975 Salaried Retirement Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988))). Defendants acknowledge that in some "egregious" circumstances an exception may be made to allow a claim for damages or other relief for procedural violations, but argue such allegations have not been made here. (*Id.* at n.1); *see Ashenbaugh*, 854 F.2d at 1532.

The Fifth Circuit Court of Appeals has recently issued an opinion that sheds light on these arguments and clarifies the circuit's stance on the remedies available for a violation of 29 U.S.C. § 1133. In *LaFleur*, the Fifth Circuit reversed the grant of summary judgment in favor of the defendant, Blue Cross, "because Blue Cross failed to substantially comply with ERISA's procedural requirements," and remanded the case to the district court "for entry of an order remanding the case to the plan administrator for a full and fair review regarding the denial of benefits." *La Fleur v. Louisiana Health Service and Indemnity Co.*, — F.3d —, No. 08-30091, 2009 WL 737408, at *1 (5th

Cir. March 23, 2009).  After determining that the administrator had failed to substantially comply with procedural requirements of ERISA, the court noted that the rarity of such a finding meant that the court had "not yet fully identified the scope of available remedies." *Id.* at *6.  The Fifth Circuit acknowledged that failure to fulfill procedural requirements "generally does not give rise to a substantive damage remedy." *Id.* (citing *Wade v. Hewlett-Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 540 (5th Cir. 2007) (quoting *Hines v. Mass. Mut. Life Ins. Co.*, 43 F.3d 207, 211 (5th Cir. 1995))).  According to the Fifth Circuit, substantive damages for violation of section 1133 would be permitted only "when the violations are continuous and amount to substantive harm." *Id.* (citing *Hines*, 43 F.3d at 211).  In such a situation, "substantive damages would include a retroactive reinstatement of benefits." *Id.*

The Fifth Circuit also noted in *LaFleur* that "[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA." *Id.* at *7 (citing cases from several circuits). The Fifth Circuit stated that "[t]his position is consistent with the default rule of other circuits and our pronouncement in *Wade* that procedural violations of ERISA generally do not give rise to a substantive damages remedy." *Id.*  "When the procedural violations are nonflagrant, remand is typically preferred over a substantive remedy[.]" *Id.*  In *LaFleur* the circuit found a violation of section 1133, but declined to award substantive damages and remanded the case to the district court for an order to remand to the administrator for a full and fair review. *Id.* at *6–7.

Thus, *LaFleur* clarifies the relief that courts can provide a litigant based on violations of 29 U.S.C. § 1133. *See id.* With the Fifth Circuit's clarifications of the remedies available for procedural violations of 29 U.S.C. § 1133 in mind, the Court reviews the Complaint in order to determine if

Clontz has stated a claim for relief under section 1133.  In reviewing the Motion to Dismiss, the Court will construe the claim in the light most favorable to the plaintiff.  *See MySpace, Inc.*, 528 F.3d at 418.  In his Complaint, Clontz alleges that LINA failed to identify material or information necessary for him to perfect his appeal, operated under a conflict of interest, failed to have his claims reviewed by the proper health care official, and utilizes biased consultants to review claim files, among other alleged violations.  (Compl. at ¶¶ 37, 39, 41.)  Clontz asks this Court to award him benefits or remand the claim to LINA and/or the Plan for a full and fair review.  (*Id.* at ¶ 45.)  The Court finds that Clontz has asserted facts alleging violations of section 1133 procedural requirements, for which certain remedies do exist, and has stated a plausible claim for relief under 29 U.S.C. § 1133.  *See La Fleur*, 2009 WL 737408, at *6–*7; *Iqbal*, 2009 WL 1361536, at *13.  Whether Clontz's allegations rise to a level that would substantiate an award of substantive damages or prompt the Court to remand Clontz's claim to LINA for further review is a question the Court does not address here, as that issue is more suited for resolution at the summary judgment stage.  *See LaFleur*, 2009 WL 737408, at *6–7.  Accordingly, the defendants' Motion to Dismiss Count Two is DENIED.

## IV.

## CONCLUSION

Because Clontz has stated a claim for relief in both Counts One and Two, the defendants' Motion to Dismiss Counts I and II of Plaintiff's Original Complaint (doc. 4) is **DENIED.**

SO ORDERED.

SIGNED May 28, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE